## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LISA MARIE BUTLER,
               Appellant,

       v.

DEPARTMENT OF THE TREASURY,
               Agency.

DOCKET NUMBER
AT-0752-11-0530-C-1

DATE: August 19, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lisa Marie Butler</u>, Atlanta, Georgia, pro se.

<u>Robert M. Finer</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which denied her petition for enforcement of the parties' settlement agreement. For the reasons discussed below, we DENY the petition for review, GRANT the cross petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

and AFFIRM the initial decision AS MODIFIED.  Except as expressly modified by this Final Order, the initial decision is the Board's final decision.

¶2     The appellant asserts in her petition for review that the administrative judge erred in denying her petition for enforcement of a June 15, 2011 settlement agreement providing, among other things, that "if prospective employers contact[ed] any of the appellant's former managers, the former managers . . . [would] disclose no information to the prospective employers absent a written authorization from the Appellant."  Petition for Review (PFR) File, Tab 1; *see Butler v. Department of Treasury*, MSPB Docket No. AT-0752-11-0530-I-1 Initial Appeal File (IAF), Tab 17, Initial Decision at 3.  The agency opposed the appellant's petition for review and filed a cross petition for review, challenging the administrative judge's finding that the agency breached the settlement agreement by disclosing the appellant's termination to a third party.  PFR File, Tab 3.

¶3     In order to prevail, the appellant bears the ultimate burden of showing material noncompliance by the agency with the terms of the settlement agreement.  *Flores v. U.S. Postal Service*, 115 M.S.P.R. 189, ¶ 9 (2010).  A breach is material when it relates to a matter of vital importance, or goes to the essence of the contract.  *Id*.  A party may establish a breach of an agreement by proving that the other party failed to comply with a provision of the contract in a way that was material, regardless of the party's motive.  *See Link v. Department of the Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995).

¶4     The administrative judge found that the agency committed a material breach of the settlement agreement when it disclosed to a prospective employer that the agency terminated the appellant.  MSPB Docket No. AT-0752-11-0530-C-1, Compliance File (CF), Tab 32, Compliance Initial Decision (CID) at 6-7.  However, the administrative judge denied the appellant's petition for enforcement based on his finding that the appellant materially breached the settlement agreement by repeatedly failing to provide prospective employers with the toll

free phone number and web address specified in Paragraph 17 of the parties' agreement and instead providing her former supervisor's name and direct telephone number as an employment reference.[2]  CID at 8.  The administrative judge found that, although the agency materially breached the settlement agreement, the appellant's unclean hands from her prior material breaches of the agreement foreclosed any remedy from the Board.  CID at 9.

¶5        On review, the appellant raises numerous allegations of factual and procedural error, but she does not dispute that she referred prospective employers directly to her former manager instead of following the procedure set forth in the settlement agreement for providing employment information to prospective employers.  PFR File, Tab 1.  Accordingly, the appellant's only relevant argument on review is that the administrative judge erred in finding that she breached the agreement before the agency had.  *See id*. at 7.  The appellant, however, did not raise this argument in any of her pleadings below.  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.  *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).  The appellant did not make the required showing here; therefore, the Board will not consider her argument.

¶6        For the first time on review, the appellant also argues that the agency breached the settlement agreement by failing to verify that the toll free number

---

[2] Paragraph 17 of the parties' settlement agreement states, in pertinent part, that: "The Appellant agrees to inform prospective employers that information concerning her IRS employment can be obtained by calling [the specified 800 number] or accessing [the specified website] and entering the Appellant's SSN and IRS Employer Code."  IAF, Tab 16 at 2.

and the internet site referenced in Paragraph 17 of the settlement agreement provided the correct information. PFR File, Tab 1 at 6. She states that the toll free number provided incorrect information about her dates of employment and therefore "prospective employers would not have gotten the correct information anyway." *Id.* Although the appellant states that she just became aware of this particular breach by the agency, she has not established that she based her argument on new and material evidence, which was unavailable prior to the close of the record below. *See* 5 C.F.R. § 1201.115(d). Accordingly, the Board will not consider her argument.[3]

¶7        The appellant raised additional arguments on review, which the Board has considered. For example, the appellant argues that: the administrative judge was biased; he abused his discretion; and he denied her due process because he informed her that she would have to repay the settlement money that she received from the agency if she prevailed and elected to rescind, rather than to enforce, the agreement. PFR File, Tab 1 at 8-9. We find, however, that the appellant does not present any new and material evidence or argument that affects the outcome of her appeal. The administrative judge accurately explained the legal remedies available to the appellant if she prevailed on her petition for enforcement, including the consequences of electing to rescind the agreement and reinstate her appeal. CF, Tab 24 at 2. Moreover, the appellant has not shown that the administrative judge's comments or actions evidenced a "deep-seated favoritism or antagonism that would make fair judgment impossible," warranting a new proceeding. *See Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We

---

[3] Although unclear, the appellant may be attempting to challenge the validity of the settlement agreement based on mutual mistake of fact or other grounds. Generally, however, an attack on the validity of a settlement agreement should be raised in a petition for review of the initial decision that dismissed the appeal pursuant to the settlement. *See Wofford v. Department of Justice*, 115 M.S.P.R. 367, ¶ 9 (2010) (citation omitted).

therefore deny the petition for review for failure to meet the Board's review criteria.

The agency's cross-petition for review

¶8 The agency filed a cross-petition for review arguing that the administrative judge erred in finding that the agency breached the settlement agreement. PFR File, Tab 3. Because the appellant materially breached the agreement before the agency disclosed her termination to a third party, her breach discharged the agency from its obligation to perform. *See Caston v. Department of the Interior*, 108 M.S.P.R. 190, ¶¶ 20-21 (2008) (finding that the appellant's material breach of the agreement discharged the agency's obligation not to disclose information that was required to be kept confidential).

¶9 We therefore GRANT the cross-petition for review and MODIFY the compliance initial decision to VACATE the administrative judge's findings that the agency breached the settlement agreement and the appellant came before the Board with unclean hands.[4]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

---

[4] *See, e.g.*, *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945) (the clean hands doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant").

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:             _____

                                     William D. Spencer
                                     Clerk of the Board

Washington, D.C.